**Michael H. RICHTERS, Plaintiff,**

v.

**ROLLINS PROTECTIVE SERVICE CO., INC., Defendant.**

**Civ. A. No. 77–2027.**

United States District Court, D. Kansas.

April 21, 1977.

Charles C. Shafer, Jr., Kansas City, Mo., for plaintiff.

William L. Turner and John J. Yates of Gage & Tucker, Kansas City, Mo., J. Nick Badgerow of McAnany, Van Cleave & Phillips, Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

The plaintiff herein seeks to recover from the defendant Rollins Protective Service damages for violation of the Kansas service letter statute, libel, and violation of public policy. The defendant's motion to dismiss for failure to state a claim is now before the court and, for the reasons stated below, we hold that said motion should be sustained.

The plaintiff, according to the complaint, was employed by the defendant from February 10, to March 9, 1976. On March 2, 1976, the plaintiff suffered a back injury while lifting a "heavy sample device" which he used in the performance of his employment duties. Plaintiff was hospitalized and unable to work from some unspecified date until March 22, 1976. On March 30, 1976, he was advised that his employment had been terminated as of March 9, 1976, "due to his lack of availability for work."

Count I alleges that on April 16, 1976, plaintiff wrote to his last corporate supervisor and stated that he needed a letter "indicating the nature of his employment, how long he had worked, how much he was earning, *and why he was terminated*." (Emphasis added.) On April 21, 1976, the defendant responded by providing a letter which contained precisely the information requested, including the statement which has sparked this lawsuit: "Mr. Richters was released due to his lack of availability for work." Plaintiff claims that this letter violated K.S.A. § 44–808(3), the Kansas service letter statute, because (1) in stating the cause of termination, it exceeded the scope of information required by the statute; and (2) it was either untrue or incomplete because it failed to state that "plaintiff was in the hospital recovering from a work-connected injury when he was fired on March 9th." These allegations fall

far short of stating an actionable claim and must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. First, the Kansas service letter does not give rise to an implied private cause of action for untrue statements of the reasons for an employee's termination. *Cordon v. Trans World Airlines, Inc.*, 75–68–C2 (D.Kan., *unpublished*, November 16, 1976). Second, if K.S.A. § 44–808(3) provides no private cause of action for false statements, it certainly cannot be deemed to impose upon an employer strict liability for service letter "surplusage" or information beyond that absolutely required by statute, to-wit: tenure of employment, occupational classification, and wage rate. This is especially true when, as here, (1) the "surplusage" is furnished pursuant to specific request by the terminated employee; (2) that employee had been advised, prior to request, of the grounds for his termination; and (3) the service letter accurately reflected the grounds of which the employee was earlier informed.

Count II alleges that the statement that plaintiff was terminated "due to his lack of availability for work" is libelous *per se* in implying that plaintiff was "tardy, continually absent, lazy, incompetent, or otherwise in violation of the work ethic." The question of whether words are actionable as libel *per se* is a matter of law to be determined by the court. *Munsell v. Ideal Food Stores*, 208 Kan. 909, 494 P.2d 1063 (1972); *Karrigan v. Valentine*, 184 Kan. 783, 339 P.2d 52 (1959). The court finds that the statement in issue here can in no way be viewed as libelous *per se* under the prevailing Kansas law. Accordingly, the defendant's motion to dismiss Count II must be sustained.

Count III seeks recovery under the theory that the plaintiff's discharge under the circumstances alleged constitutes a violation of public policy. Plaintiff concedes that the Kansas statutes and judicial caselaw do not expressly create such a cause of action, but claims that the Kansas Workmen's Compensation Act, K.S.A. § 44–501 *et seq.*, imposes upon an employer a "self-evident" obligation to "support" an employee who is injured on the job. This contention, while inventive, is too lacking in legal merit to warrant judicial comment.

In summary, the court finds that the defendant's motion to dismiss pursuant to Rule 12(b)(6) must be sustained.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that counsel for defendant shall prepare, circulate, and submit for the court's approval and signature a journal entry of judgment reflecting the holdings of the foregoing Memorandum and Order.